## C. E. Walker et al., Appellees, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. EVIDENCE—*what competent in action for killing of animals.* In an action against a railroad company to recover the value of mules killed upon its right of way, it is competent for the plaintiff to show not only whether or not a gate at a farm crossing was negligently left open by the defendant but whether or not if closed it was in sufficiently reasonable condition of repair to keep the mules off of the right of way, and it was likewise competent for the court to permit the plaintiff to show that the gate had remained open for a considerable length of time prior to the killing of the mules, notwithstanding the evidence of the defendant tended to show that the gate was closed on Saturday night preceding the Sunday night when the mules were killed.

2. INSTRUCTIONS—*when erroneous will not reverse.* The giving of an erroneous instruction will not reverse if no harm appears to have resulted.

3. INSTRUCTIONS—*estoppel to complain.* A party cannot complain of instructions given which contain a vice common to instructions given at his own instance.

4. INSTRUCTIONS—*effect of refusing to disregard particular counts.* Where a particular count is no longer in the case either because of its insufficiency or because of the lack of evidence to support it, it is the better practice to instruct the jury to disregard such count, but it is not error to refuse an instruction containing such a direction.

Appeal from the Circuit Court of Shelby county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

GEORGE B. GILLESPIE, for appellants; L. J. HACKNEY, GILLESPIE & FITZGERALD and W. C. KELLY, of counsel.

RICHARDSON & WHITAKER, for appellees.

MR. JUSTICE PHILBRICK delivered the opinion of the court,

Plaintiffs were engaged in the purchase and sale of horses and mules at Shelbyville, Illinois; on October 26, 1907, they had in a yard at Shelbyville, Illinois, some fourteen mules; during the night these mules escaped from the lot, proceeded along the public highway, and four of them entered a field of a farm adjoining the right of way of defendant, through a gate which had been left open. The declaration contains various counts which allege that the mules went upon the right of way through a gate at a farm crossing, leading from this field to the right of way of defendant, and that the company was negligent in leaving the gate open; that the gate was out of repair and rotted and was not sufficient to keep the mules from entering the right of way; that during the night the mules were killed by a train upon defendant's railroad. The trial below resulted in a verdict for plaintiff for $1,000.

The evidence discloses that the mules passed upon the right of way of defendant through this gate as alleged in plaintiff's declaration. The evidence of the witness on the part of plaintiffs is that the gate was continuously left open for a long time previous to the time of the death of these mules, that it had been observed to be open by numerous witnesses and that this farm crossing was used by persons living upon the opposite side of the road as a convenient route for reaching their homes; that the top and bottom boards of the gate were rotted, loose, and in such condition that they were not reasonably fit to keep stock from entering upon the right of way even if the gate was closed, that the surroundings and condition at the place where the gate was located showed that the grass had grown up over and around the bottom of the gate at the point where it had been permitted to remain open for a considerable time. While the evidence of the witnesses for defendant, section men in charge of the section along the line of the road where this gate was located, was that they had closed the gate on Saturday night previous to the date of the accident which occurred on Sunday night, and that they had passed along the right of way on Sunday evening about 5 o'clock and that at

that time the gate was still closed, that if it was afterwards opened and left open they had no knowledge of such condition. The evidence of the condition of the gate at the time and just before the mules were killed is very conflicting and its condition was a question of fact for the determination of the jury. Defendant insists that the evidence is not sufficient to support the finding of the jury and that the judgment should be reversed for this reason. Defendant also insists that the amount of the judgment is excessive. This was also a question of fact for the jury to determine from the evidence, and unless the verdict is manifestly and clearly against the weight of the evidence it should not be disturbed by this court, and from an examination of this record we cannot say that the verdict is not justified by the evidence.

It is insisted by defendant that the court erred in admitting evidence of the condition of the gate for the reason that the plaintiff's evidence tended to show that the mules passed upon the right of way through an open gate. Upon this contention, plaintiffs were entitled to show under the issue presented by the declaration and plea not only whether or not the gate was negligently left open but whether or not if closed it was in sufficiently reasonable condition of repair to keep the mules off from the right of way, and the court did not err in permitting this evidence to go to the jury; neither did the court err in permitting plaintiffs to show that the gate had remained open for a considerable length of time prior to the killing of the mules, notwithstanding the evidence of defendant tended to show that the gate was actually closed on Saturday night preceding the Sunday night when the mules were killed. This evidence was competent to go to the jury upon the question as to whether or not the gate was continuously left open and whether or not it was open on Saturday and Sunday as contended by plaintiffs.

Complaint is made of the instructions given on behalf of appellees and refused on behalf of appellant. Appellant criticises the first instruction given on behalf of appellees; while this instruction is not accurate and it in effect does not correctly state the duty of appellant in endeavoring to

ascertain whether or not the gate was left open, nevertheless this instruction could not have harmed appellant for the reason that its witnesses testified that they did discover the gate was open and also that the gate was closed at 5 p. m. on Sunday before the mules were killed, and the error in this instruction was not prejudicial and does not require reversal of the judgment. Defendant strenuously insits that the court erred in giving to the jury instructions on behalf of appellees regarding the condition of the gate. Appellant's given instruction Number 12 submitted to the jury the question as to whether or not the mules got upon the track by reason of a rotted, broken, or insufficient gate or by going through an open gate, and having submitted instructions upon this question it cannot now complain of the giving of like instructions on behalf of appellees. The court did not err in refusing to give other instructions complained of by appellant for the reason that the propositions that were involved in these instructions were submitted in the given instructions. There was no error in the court refusing to give a peremptory instruction on motion of appellant.

Upon the contention that the court should have given instructions directly to the jury to disregard certain counts of the declaration, while it is better practice to give such instructions when proper, it is not reversible error to refuse instructions of this character.

There being no reversible error in this record, the judgment is affirmed.

*Affirmed.*